IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JELANI BELTON,<br><br>           Petitioner,<br><br> v.<br><br>WARDEN WILLIAM KNIPP,<br><br>           Respondent. | No. C 12-3582 LHK (PR)<br><br>ORDER TO SHOW CAUSE; GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION TO APPOINT COUNSEL<br><br>(Docket Nos. 3, 4.) |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Petitioner's motion for leave to proceed in forma pauperis is GRANTED. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

A.    Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show

Order to Show Cause; Granting Motion for Leave to Proceed In Forma Pauperis; Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\HC.12\Belton582osc.wpd

cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.      Petitioner's Claims

Petitioner first alleges that the trial court erred in denying his motion for a new trial based on ineffective assistance of counsel because counsel failed to present a defense of duress after conceding Petitioner's participation in the underlying crime. An allegation of the denial of a motion for new trial fails to state a cognizable claim for relief. The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011). However, because Petitioner appears to also raise the underlying constitutional claim – i.e., the ineffective assistance of counsel claim – the Court will liberally construe Petitioner's allegation as such.

Petitioner also claims that the trial court abused its discretion when it declined to strike Petitioner's prior convictions under *People v. Romero*, 13 Cal. 4th 497 (1996). However, this fails to state a claim because it only concerns state sentencing law, and does not implicate a federal constitutional right. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)(no federal habeas relief for alleged errors in interpretation or application of state law); *Souch v. Schaivo*, 289 F.3d 616, 622-23 (9th Cir. 2002) (state prisoner's challenge to trial court's exercise of discretion under state sentencing law fails to state federal habeas claim); *Ely v. Terhune*, 125 F. Supp. 2d 403, 411 (C.D. Cal. 2000) (claim that trial court abused its discretion by refusing to strike a prior conviction not cognizable on federal habeas review); *Furr v. Cate*, No. 10-01275-SJO (VBK), 2011 WL 2563176, *6 (C.D. Cal. May 5, 2011). Accordingly, this claim is dismissed.

Thus, as grounds for relief, Petitioner claims that: (1) counsel rendered ineffective assistance for failing to proffer a duress defense after conceding Petitioner's participation in the underlying robbery, and (2) counsel rendered ineffective assistance of counsel by failing to properly advise Petitioner regarding a plea offer of 25 years. Liberally construed, these claims

are cognizable for federal habeas review. The Court orders Respondent to show cause why the petition should not be granted as to the above issues.

C.    Appointment of Counsel

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner, the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). At this time, appointment of counsel is not mandated, and the interests of justice do not require appointment of counsel. Accordingly, the Petitioner's request is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate otherwise.

## CONCLUSION

1.    The Clerk shall serve by mail a copy of this order and the petition (docket nos. 1, 2) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2.    Respondent shall file with the Court and serve on Petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section

1  2254 Cases within **ninety days** of the date this order is filed.  If Respondent files such a motion,
2  Petitioner shall file with the court and serve on Respondent an opposition or statement of non-
3  opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the
4  court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

5        4.     It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that
6  all communications with the Court must be served on Respondent by mailing a true copy of the
7  document to Respondent's counsel.  Petitioner must keep the court and all parties informed of
8  any change of address by filing a separate paper captioned "Notice of Change of Address."  He
9  must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
10 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
11 41(b).

12       This order terminates docket numbers 3 and 4.
13       IT IS SO ORDERED.
14 DATED:  10/9/12

                                              LUCY H. KOH
15                                               United States District Judge